GARY L. TYSCH, ESQ. #128389
E-mail: gltysch@pacbell.net
LAW OFFICES OF GARY L. TYSCH
16133 Ventura Boulevard, Suite 580
Encino, California 91436-2411

(818) 995-9555 main
(818) 995-9550 facsimile

Attorneys for Plaintiff JONI HOLDSWORTH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONI HOLDSWORTH,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY dba AETNA INC. SELF-FUNDED GROUP PLAN and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-02426<br><br>COMPLAINT FOR:<br><br>1. Breach of Plan (Recovery of Plan Benefits); and<br><br>2. Attorneys' Fees. |

Plaintiff JONI HOLDSWORTH (hereinafter referred to as "HOLDSWORTH") complains and alleges as follows:

**INTRODUCTORY ALLEGATIONS**

1. This court's jurisdiction is invoked pursuant to 29 U.S.C. § 1337 and 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*.

2. Venue is properly laid within the Central District of California pursuant to 29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this district, because the Defendants reside in or may be found within this district, because any and all breaches occurred in this district and because the ends

of justice so require.

3. This action seeks damages for the denial of long-term disability coverage and benefits under a group disability benefit plan underwritten and administered by Defendant AETNA LIFE INSURANCE COMPANY doing business as AETNA INC. SELF-FUNDED GROUP PLAN (hereinafter referred to as "AETNA"). HOLDSWORTH seeks plan benefits, attorneys' fees and costs, and other appropriate relief.

4. At all times herein mentioned, HOLDSWORTH has been a participant and/or a beneficiary of a group benefit plan sponsored by AETNA INC. (hereinafter referred to as the "Plan"), which offered short and long-term disability coverage to HOLDSWORTH and other employees. HOLDSWORTH was an employee of AETNA INC., which company procured disability coverage for its employees by establishing a self-funded plan.

5. Defendant AETNA underwrote and administered the PLAN and was doing business in the State of California.

6. HOLDSWORTH is informed and believes and based upon such information and belief alleges that the employee benefit plan which is the subject of this action is and was an employee benefit plan within the meaning of 29 U.S.C. § 1002(l), and was sponsored by AETNA for the purpose of extending disability and other benefits to its employees.

7. HOLDSWORTH is informed and believes and based upon such information and belief alleges that Defendant AETNA is a corporation, acting as an agent or employee of the Plan; that Defendants are charged with certain claims-handling responsibilities under the employee benefit plan; that Defendants' responsibilities extend at least in part to misconduct alleged below; and that Defendants' employees, and representatives functioned as fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A), in their dealings relating to HOLDS-WORTH's claims for benefits.

8. Unless otherwise indicated, each Defendant herein is sued as the agent, co-conspirator, and/or employee of every other Defendant, and is alleged to have been acting within the control and scope of said agency, conspiracy, and/or employment with the knowledge and/or consent of said co-Defendants. Moreover, HOLDSWORTH is informed and believes and based upon such information and belief alleges that each Defendant has authorized or ratified the wrongful activities of the remaining Defendants.

## FACTUAL BACKGROUND

9. HOLDSWORTH was employed as a Dental Network Manager for AETNA, requiring that she travel extensively and regularly, promoting and selling in-network dental contracts to dentists throughout the State of California. On or about June 16, 2005, HOLDSWORTH took a leave of absence to undergo surgery to remove a tumor growing on her cervical and thoracic spine, which had entrapped a nerve and caused an arterial-venous malformation. As a result of the tumor and surgery, HOLDSWORTH suffered permanent nerve damage in her left arm and hand, making typing and writing with her hand as well as manipulation of her hand impossible. In addition HOLDSWORTH suffers other disabling conditions and symptoms, including tendinitis of the right arm, left lateral epicondylitis, ankle and foot problems which affect her gait and which have resulted in hip dysplasia, and other debilitating symptoms and conditions.

10. HOLDSWORTH submitted her application for long term disability benefits in or around August, 2005 and was found to be totally disabled by AETNA. The application for long-term disability benefits was approved and paid by AETNA for a period of over ten years, before being terminated on or about October 28, 2015. HOLDSWORTH was paid long term disability benefits from June 16, 2005 through October 28, 2015.

11. On October 28, 2015, AETNA terminated HOLDSWORTH's long

term disability benefits in a letter addressed to HOLDSWORTH. In that letter, AETNA stated that benefits were being denied on the basis that HOLDSWORTH was not totally disabled under the policy.

12. In or about June 2005, HOLDSWORTH became totally disabled because of her numerous and severe symptoms and incapacities, including weakness, numbness, fatigue, pain, etc. HOLDSWORTH was unable to fulfill the duties and responsibilities of her own occupation or any occupation for which she was qualified by virtue of her experience, education and training. On or about June 16, 2005, HOLDSWORTH took a leave of absence from her employment and made a claim for long-term disability benefits under her policy with AETNA. Ultimately, HOLDSWORTH was paid long term disability benefits for a period of over ten years, before her benefits were abruptly and unjustifiably terminated. Although HOLDSWORTH's condition has not improved over the ten plus years that she has been deemed disabled by AETNA, but, in fact, has worsened over time, AETNA terminated HOLDSWORTH's long term disability benefits on October 28, 2015. Although HOLDSWORTH's original symptoms and conditions which caused her disability have continued to date, are irreversible and permanent, HOLDSWORTH has, since her disability incepted, also begun to experience new and other disabilities and conditions which have increased, worsened and exacerbated her disability.

13. AETNA has failed and refused to pay long-term disability benefits to HOLDSWORTH since October 28, 2015, has denied her entitlement to long-term disability benefits and has otherwise failed to abide by the terms of the Plan. AETNA has acted arbitrarily and capriciously in failing and refusing to provide benefits or appeal rights to HOLDSWORTH.

14. As a result of the acts, omissions and breaches of Defendants, there is, under the terms of the subject Plan, now due and owing to HOLDSWORTH from Defendants a sum of money to be determined at the time of trial. HOLDSWORTH

has demanded payment of this sum from Defendants, but Defendants have failed and refused, and continue to fail and refuse, to pay that sum or any part of that sum. HOLDSWORTH contends that she is owed benefits from the date that long-term disability benefits were terminated, under the terms of the Plan and policy until the date that this claim is adjudicated.

15. Plaintiff contested the denial of benefits, noting she had not returned to work, had been determined to be totally disabled by her doctors and presented medical evidence, confirmation and documentation concerning her continued disability. In compliance with the terms of the subject Plan and Policy, HOLDSWORTH has exhausted any and all claims review, administrative appeals, and appeals requirements. Alternatively, her appeal(s) have been deemed denied by operation of law, since they have been ignored and repudiated by AETNA. Alternatively, all review, appeal, administrative grievances, or complaint procedures are excused by law, are violative of HOLDSWORTH's due process rights, are or would be futile, or are otherwise unlawful, null, void, and unenforceable.

16. As a direct and proximate result of the conduct of Defendants AETNA in refusing to pay monthly disability benefits during the continuance of HOLDSWORTH's total disability, HOLDSWORTH has been damaged in an amount equal to the loss of the accrued benefits under the Policy from October 28, 2015 through the date on which HOLDSWORTH will reach the age of 65.

## FIRST COUNT: BREACH OF PLAN BENEFITS PURSUANT TO 29 U.S.C. SECTION 1132(a)(1)(B) [AS AGAINST ALL DEFENDANTS]

17. The allegations of all previous paragraphs are incorporated herein by reference as if set forth in full.

18. In or about August 2013, Defendants delivered to HOLDSWORTH a

copy of the Plan Document for the subject Plan. A true and correct copy of that Plan Document is incorporated herein as Exhibit "A" as if set forth in full.

19. Under the terms of the subject Plan, Defendant AETNA agreed to provide HOLDSWORTH with disability coverage until age 65 if she became totally disabled.

20. In or about September 2007, HOLDSWORTH became totally disabled and requested disability benefits from Defendants. Defendants have failed and refused to pay any long-term disability benefits after October 28, 2015 despite HOLDSWORTH's continued total disability. Defendants allege that HOLDSWORTH is not eligible for benefits under the policy because she is not suffering from a disability which would interfere with her ability to engage in work. However, HOLDSWORTH's treating physicians have determined that she is totally disabled and unable to engage in work and do not foresee any change in her status.

21. Denial of disability payments constitutes a breach of the group long term disability Plan between Defendants and HOLDSWORTH. HOLDSWORTH seeks reimbursement and compensation for any and all disability payments which she would have received and to which she will be entitled as a result of Defendants' failure to pay disability coverage, in an amount presently unknown but to be set forth at the time of trial.

22. Defendants have arbitrarily and capriciously breached the obligations set forth in the plan issued by Defendants, and each of them. Defendants, and each of them, have arbitrarily and capriciously breached their obligations under the ERISA Plan to provide HOLDSWORTH disability benefits.

23. As a direct and proximate result of the aforementioned conduct of Defendants in failing to provide and pay HOLDSWORTH disability benefits, HOLDSWORTH has been damaged in an amount equal to the amount of benefits HOLDSWORTH should have received had Defendants paid the disability payments as required.

24. As a direct and proximate result of the aforesaid conduct of Defendants in failing to provide disability coverage as required, HOLDSWORTH has suffered, and will continue to suffer in the future, damages under the policy, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

25. HOLDSWORTH is entitled to prejudgment interest.

**SECOND COUNT:**

**ATTORNEYS' FEES AND COSTS**

**PURSUANT TO 29 U.S.C. SECTION 1132(g)(1)**

**[AGAINST ALL DEFENDANTS]**

26. The allegations of all previous paragraphs are incorporated herein by reference as if set forth in full.

27. 29 U.S.C. § 1132(g)(1) authorizes this court to award reasonable attorneys' fees and costs of action to HOLDSWORTH.

28. As a result of the actions and failings of the Defendants, and each of them, HOLDSWORTH has retained the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action. Further, HOLDSWORTH anticipates incurring additional attorneys' fees and costs in hereafter pursuing this action, all in a final amount which is currently unknown. HOLDSWORTH therefore requests an award of reasonable attorneys fees and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, HOLDSWORTH prays for judgment as follows:

**ON THE FIRST COUNT:**

1. For benefits payable under the group insurance policy to reimburse HOLDSWORTH for disability payments that HOLDSWORTH has been entitled to receive;

2. For reasonable attorneys' fees and costs; and

3. For such other relief as the court deems appropriate.

**ON THE FOURTH COUNT:**

1. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1);

2. For costs incurred; and

3. For such other and further relief as the court deems appropriate.

DATED: March 29, 2017 LAW OFFICES OF GARY L. TYSCH

By: *Gary L. Tysch*

GARY L. TYSCH
Attorneys for Plaintiff
JONI HOLDSWORTH